HENRY B. BARNUM v. DANIEL WATERBURY AND LAFAYETTE LOVELL.

*Execution against the body—Insufficient return.*

Recognizance of bail cannot be sued on upon the return of an execution against the body merely as "unsatisfied;" it must show that defendant could not be found within the county. Comp. L., § 5763.

Error to Kalamazoo.    Submitted January 17.    Decided January 29.

ASSUMPSIT on bond.    Plaintiff brings error.

*J. V. Rogers* for plaintiff in error.

*Arthur Brown* for defendant in error.

GRAVES, J.    May 26th, 1870, Barnum sued out a capias

---

against one Hickock, the papers describing him as *John* Hickock. He was arrested, and subsequently and on August 11th, 1870, the defendants recognized as special bail. He was described in the recognizance as John Hickock. October 24, 1870, Hickock's counsel admitted in open court that his christian name was Frelinghuysen H. instead of John, and both parties consenting thereto the court ordered that the records and files in the cause should be amended by inserting Frelinghuysen H. instead of John in describing defendant, and that in all subsequent proceedings he should be referred to under that name. It does not appear that the bail, the defendants here, had any actual notice of this proceeding. April 26, 1871, Hickock's case was tried and recovery was had against him for $200. July 29, 1871, execution against property issued and was returned unsatisfied. It not only ran against Hickock but also against the bail. June 15, 1876, execution against Hickock's body was issued and some time after was returned "unsatisfied." Suit was then brought on the recognizance of bail, and several objections were urged.

The court ruled out all the proceedings in the original suit on the ground that the amendment in regard to Hickock's name was made without the assent or privity of the bail, and discharged them. There is no occasion to consider this point. If the ruling was erroneous the plaintiff was not prejudiced. The case he tendered and on which he relied was defective. The law prohibits suit on a recognizance of special bail until the sheriff where the arrest was made shall have returned an execution against the defendant's body that he "could not be found within his county." Comp. L., § 5763.

All the showing suggested in regard to this was a return of "unsatisfied" on an execution against the body. There was no claim of any other evidence of compliance with the requirement of the statute on this point, and it is too plain for question that the return "unsatisfied"

was of no force whatever as a preliminary to an action on the recognizance of bail.

The judgment must be affirmed with costs.

The other Justices concurred.